IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION

Craig Churchill; Joy Churchill;
and Debbie Holton, Individually
and on behalf of all individuals of
the class similarly situated,

                Plaintiffs,        Cause No. CV-08-99-M-DWM

vs.

Trinity Universal Insurance Company,

                Defendant.

**FINAL ORDER APPROVING SETTLEMENT
AND JUDGMENT OF DISMISSAL WITH PREJUDICE**

On the 2nd day of March 2012, the matter of the Court's final approval of the Stipulation of Settlement, submitted on April 4, 2011, came before the Court for consideration. Appearing on behalf of the Named Plaintiffs and the Class were attorneys Daniel P. Buckley, Buckley Law Office, P.C., 125 W. Mendenhall Street, Suite 201, Bozeman, Montana 59715, Santana Kortum, Kortum Law Office, P.L.L.C., 1382 Airport Road, Kalispell, Montana 59901 and Lawrence A. Anderson, P.C., Attorney at Law, #18 Sixth Street North, Suite 200, P.O. Box 2608, Great Falls, Montana 59403-2608 ("Class Counsel"). Appearing on behalf

of Defendant were Peter F. Habein, Crowley Fleck PLLP, 500 Transwestern Plaza II, 490 North 31st Street, P.O. Box 2529, Billings, Montana 59103-2529.

WHEREAS, the Named Plaintiffs and Trinity have executed and filed a Stipulation of Settlement (the "Stipulation") with the Court on April 4, 2011 (incorporated herein by reference); and

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Stipulation, which is hereby incorporated by reference; and

WHEREAS, the Court, on July 29, 2011, entered the Order Regarding Preliminary Approval of Settlement and Approval of Notice of Pendency of Settlement of Class Action to Class Members ("Preliminary Approval Order"), preliminarily approving the Proposed Settlement and conditionally certifying this Action, for settlement purposes only, as a class action; and

WHEREAS, the Court, as part of its Preliminary Approval Order, directed that a plan for disseminating notice of the Settlement ("Notice Plan") be implemented, and scheduled a hearing to be held on March 2, 2012, to determine whether the Proposed Settlement should be approved as fair, reasonable and adequate; and

WHEREAS, Trinity and Class Counsel have satisfactorily indicated to the Court that such Notice Plan was followed; and

WHEREAS, pursuant to the Notice Plan, a hearing was held on March 2, 2012, at which all interested persons were given an opportunity to be heard;

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Proposed Settlement, and having reviewed and considered the files and records herein, finds and concludes as follows:

A.   The Complaint filed in this action alleges that Trinity improperly failed to pay, in whole or in part, stacked medical payment benefits and/or uninsured motorist or underinsured motorist benefits under the medical payments and/or uninsured motorist or underinsured motorist coverages afforded in Trinity's Montana automobile insurance policies.

B.   As part of the Preliminary Approval Order, the Court certified a Class, for settlement purposes only, defined as containing the following Members:

> ALL PERSONS (AND THEIR HEIRS, EXECUTORS, ADMINISTRATORS SUCCESSORS AND ASSIGNS): (1) WHO WERE AN INSURED UNDER A MOTOR VEHICLE INSURANCE POLICY OR POLICIES ISSUED BY TRINITY IN MONTANA PRIOR TO MAY 15, 2004 INSURING TWO OR MORE VEHICLES FOR MEDICAL PAYMENTS COVERAGE, AND/OR UNINSURED MOTORIST COVERAGE OR UNDERINSURED MOTORIST COVERAGE; (2) WHO MADE A CLAIM UNDER ANY OF THE APPLICABLE COVERAGE(S) DURING THE PERIODS OF JULY 16, 2000 THROUGH APRIL 18, 2003 AND/OR MAY 15, 2004 THROUGH FEBRUARY 3, 2009; (3) WHO WERE NOT PAID ANY AGGREGATE (STACKING) PAYMENT(S) OF THE PERTINENT COVERAGE(S) FOR ADDITIONAL VEHICLES IDENTIFIED ON THE DECLARATION PAGE(S) AND WHO MAY HAVE BEEN OTHERWISE ENTITLED TO AGGREGATE (STACK) THEIR PERTINENT COVERAGE(S) GIVEN THE EXTENT OF THEIR LOSSES/DAMAGES AND RECEIVED A PAYMENT FROM TRINITY OF AN AMOUNT EQUAL TO  OR GREATER THAN THE 90% OF THE SINGLE NON-STACKED MEDICAL PAYMENT COVERAGE LIMIT OR 95% OF THE NON-STACKED UNINSURED MOTORIST COVERAGE OR UNDERINSURED MOTORIST COVERAGE; (4) WHO DID NOT EXECUTE A RELEASE IN CONNECTION WITH SUCH PAYMENT

WHERE REPRESENTED BY COUNSEL IN LITIGATION; AND (5) WHO DO NOT VALIDLY AND TIMELY REQUEST EXCLUSION FROM THE CLASS, IN ACCORDANCE WITH THE PROVISIONS OF THE CLASS NOTICE.

The Court hereby affirms this definition of Class Members for purposes of

this Final Judgment.

     C.     As part of the Preliminary Approval Order, the Court certified a

Settlement Class, for settlement purposes only, defined as follows:

ALL PERSONS (AND THEIR HEIRS, EXECUTORS, ADMINISTRATORS SUCCESSORS AND ASSIGNS):  (1) WHO WERE AN INSURED UNDER A MOTOR VEHICLE INSURANCE POLICY OR POLICIES ISSUED BY TRINITY IN MONTANA PRIOR TO MAY 15, 2004 INSURING TWO OR MORE VEHICLES FOR MEDICAL PAYMENTS COVERAGE, AND/OR UNINSURED MOTORIST COVERAGE OR UNDERINSURED MOTORIST COVERAGE; (2) WHO MADE A CLAIM FOR BENEFITS UNDER ANY OF THE APPLICABLE COVERAGE(S) DURING THE PERIODS OF JULY 16, 2000 THROUGH APRIL 18, 2003 AND/OR MAY 15, 2004 THROUGH FEBRUARY 3, 2009; (3) WHO WERE NOT PAID ANY AGGREGATE (STACKING) PAYMENT(S) OF THE PERTINENT COVERAGE(S) FOR ADDITIONAL VEHICLES IDENTIFIED ON THE DECLARATION PAGE(S) AND WHO MAY HAVE BEEN OTHERWISE ENTITLED TO AGGREGATE (STACK) THEIR PERTINENT COVERAGE(S) GIVEN THE EXTENT OF THEIR LOSSES/DAMAGES AND RECEIVED A PAYMENT FROM TRINITY OF AN AMOUNT EQUAL TO  OR GREATER THAN THE 90% OF THE SINGLE NON-STACKED MEDICAL PAYMENT COVERAGE LIMIT OR 95% OF THE NON-STACKED UNINSURED MOTORIST COVERAGE OR UNDERINSURED MOTORIST COVERAGE; AND (4) WHO DO NOT VALIDLY AND TIMELY REQUEST EXCLUSION FROM THE CLASS, IN ACCORDANCE WITH THE PROVISIONS OF THE CLASS NOTICE.  THE SETTLEMENT CLASS SHALL EXCLUDE DIRECTORS AND OFFICERS OF TRINITY.

The Court hereby affirms this definition of the Settlement Class for purposes

of this Final Judgment.

D. The Court certifies this Action, for settlement purposes only, as a Class Action, and, in so doing, finds that, for settlement purposes only, the requirements for maintaining a class action have been met—in particular because: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact—<u>i.e.</u>, the propriety of Trinity's procedures regarding stacking of medical payments and/or uninsured motorist or underinsured motorist coverages—common to all members of the class that predominate over any individualized issues; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the Class; and (4) the Named Plaintiffs and Class Counsel have and will fairly and adequately protect the interests of the Class.

E. The Named Plaintiffs and Trinity have entered into the Stipulation which has been filed with the Court. The Stipulation provides for the Settlement of this Action with Trinity on behalf of the Named Plaintiffs, the Class and the Settlement Class, subject to approval by the Court of its terms. The Court scheduled a hearing to consider the approval of the Stipulation, and directed that Notice of the Proposed Settlement and of this hearing be disseminated in accordance with the terms of the Preliminary Approval Order.

F. In accordance with the terms of the Stipulation and the Preliminary Approval Order, the parties implemented the Notice Plan approved by the Court. Trinity's counsel and Class Counsel confirmed to the Court, on March 2, 2012, that the parties complied with the Notice Plan.

G. The Court hereby finds that the Notice Plan constituted the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to members of the Settlement Class.

H. The Named Plaintiffs and Trinity have applied to the Court for approval of the terms of the Proposed Settlement and for the entry of this Final Judgment. Pursuant to the Notice Plan, and upon notice to all parties, a hearing was held before this Court, on March 2, 2012, to determine whether the Proposed Settlement of the Action should be approved as fair, reasonable, and adequate, and whether the Final Judgment approving the Settlement, releasing the Released Persons from all Released Claims by the Named Plaintiffs, the Class and the Settlement Class, and dismissing all claims in the Action on the merits, with prejudice and without leave to amend, should be entered.

I. The Court hereby finds that approval of the Stipulation and the Settlement embodied therein will result in substantial savings in time and money to the Court and the litigants and will further the interests of justice.

J. The Court hereby finds that the Proposed Settlement is the result of good faith arm's length negotiations by the parties thereto.

NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      The Court possesses jurisdiction over the subject matter of this Action, the Named Plaintiffs, the Class, the Settlement Class, Trinity, and the Released Persons.

2.      One Class Member filed a Request for Exclusion as set forth on the attached Exhibit A.  With the exception of this Class Member, all remaining Class Members are therefore bound by this Final Judgment and by the Stipulation and the Settlement embodied therein, including the releases provided for in the Stipulation and this Final Judgment.  No Class Members objected to the Settlement.

3.      All provisions and terms of the Stipulation and Settlement are hereby found to be fair, reasonable and adequate as to the Class and the Named Plaintiffs, and all provisions and terms of the Stipulation and Settlement are hereby finally approved in all respects.  The parties to the Stipulation are hereby directed to consummate the Stipulation in accordance with its terms.

4.      This Action is dismissed in its entirety, on the merits, with prejudice and without leave to amend, and the Named Plaintiffs and all members of the Class and the Settlement Class shall be forever barred and permanently enjoined from starting, continuing, or participating in, litigating or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative or regulatory proceeding or order based on or relating in any way whatsoever to the claims, facts or circumstances in this Action and/or the Released Claims.

5. With respect to persons having requested exclusion from the Class, Class Counsel has stipulated, and the Court agrees, that any representation, encouragement, solicitation or other substantive assistance to any person seeking exclusion from the Class, would place Class Counsel in an untenable conflict of interest with the Class. Accordingly, Class Counsel and their firms are henceforth prohibited from representing, encouraging, soliciting, or substantively assisting, in any way whatsoever, any person in requesting exclusion from the Class. Additionally, Class Counsel and their firms are prohibited from representing, encouraging, soliciting, or substantively assisting, in any way whatsoever, any person who requests exclusion from the Class, in any subsequent litigation that person may enter into with Trinity regarding the Released Claims or any related claims.

6. As of the Effective Date, by operation of the entry of the Final Judgment, each member of the Class and the Settlement Class shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims and Unknown Claims that the Settlement Class member may have against the Released Persons.

7. "Released Claims" means and includes any and all Unknown Claims, known claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, interest, costs, expenses or losses, for the acts alleged or which are or could have been alleged by the Class Members in this

Action as they pertain and relate to aggregate (stacking) payment(s) under the medical payments coverage, and/or uninsured motorist coverage or underinsured motorist coverage of the Class Members, including, but not limited to, statutory and non-statutory attorneys' fees, breach of contract, improper claim handling and/or bad faith claim handling with respect to the claim payments under this Settlement, premium overcharges, failure to stack benefits, fraudulent inducement, fraud, constructive fraud, misrepresentation, deception, consumer fraud, interference with contract or business expectations, punitive damages, interest, injunctive relief, declaratory judgment, costs, unfair trade practices, unfair claims settlement practices, unfair insurance practices, unfair competition, deceptive practices, statutory violations, unfair business practices, breach of fiduciary duty, breach of the implied covenant of good faith, mental or emotional distress and/or common law or statutory bad faith relating in any way whatsoever to Trinity's design, underwriting, pricing, advertisement, promotion, or sale of medical payments, uninsured and/or underinsured motorist coverages and/or to Trinity's review, handling, payment, adjustment or denial of claims for medical payments, uninsured motorist and/or underinsured motorist coverages, which were brought or could have been brought or relate in any way whatsoever to the Action, or which relate in any way whatsoever to the Accidents or any Class Member's automobile accident or the Policies.

8. "Released Persons" means Trinity, and any of its past, present or future officers, stockholders, attorneys, insurers, directors, agents, employees and/or independent contractors, and/or any other successors, assigns, or legal representatives thereof.

9. "Unknown Claims" means claims arising out of facts found hereafter to be other than or different from the facts now believed to be true, relating to any matter covered by the Stipulation, as to any of the Released Claims, as specifically defined in paragraph 7 above, so that each Class Member shall be deemed to have expressly waived any and all Unknown Claims relating to any matter covered by the Stipulation.

10. It is hereby determined that the Notice of Pendency of Settlement of this Action, as disseminated to Class Members in accordance with the provisions of the Preliminary Approval Order, was the best notice practicable under the circumstances to all Class Members, and is therefore finally approved as reasonable. Due and adequate notice of the pendency of this Action and of this Settlement has been provided to Class Members, and this Court hereby finds that the notice program described in the Preliminary Approval Order and completed by Trinity complied fully with the requirements of due process, the Federal Rules of Civil Procedure, the Montana Rules of Civil Procedure and all other applicable laws.

11. The Stipulation, the Settlement and this Final Judgment are not to be deemed admissions of liability or fault by Trinity, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Trinity. The Stipulation and Settlement are not a concession by the parties and, to the extent permitted by law, neither this Final Judgment nor the Stipulation of Settlement shall be used as evidence of any admission of any fault or omission by Trinity or any other person. Neither this Final Judgment nor the Stipulation of Settlement, nor the terms and provisions of the Settlement, nor any of the negotiations or proceedings connected with it, shall be offered or received in evidence in any pending or future civil, criminal or administrative action or proceeding, other than such proceedings that may be necessary to consummate or enforce the Stipulation and the Settlement; however, Trinity may use the Stipulation or the exhibits thereto, and the Settlement, and/or any related document, in any action that may be brought against it in order to support a defense or counterclaim based on principles of <u>res judicata</u>, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. It is hereby ordered that Class Counsel shall receive attorneys' fees (including costs) in the amount of 20% of the total amount actually paid by Trinity to class members as a result of this Settlement.

13. Neutral Evaluators: William L. Corbett and Michael Moore are appointed as the Neutral Evaluators to carry out the duties and responsibilities as set forth in the Stipulation of Settlement, the terms and conditions of which for the Neutral Evaluators are hereby adopted and incorporated herein by reference. The Named Plaintiffs, Trinity, and the parties' counsel shall not be liable for any act, or failure to act, of the Neutral Evaluators.

14. Without in any way affecting the finality of this Final Judgment, this Court shall retain continuing jurisdiction over this Action for purposes of:

A. Enforcing the Stipulation and the Settlement;

B. Hearing and determining any application by any party to the Stipulation for a settlement bar order; and

C. Any other matters related or ancillary to any of the foregoing.

IT IS SO ORDERED.

Dated this 2nd day of March 2012.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT